UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

  Plaintiff,

vs.        CASE NO.: 22-60184-CR-SINGHAL

LANDON KENT,

  Defendant.

_____/

## MOTION TO RELEASE THE DEFENDANT
## AND SET A REASONABLE BOND

COMES NOW the Defendant, LANDON KENT, by and through his undersigned attorney, pursuant to Title 18 U.S.C. § 4241, moves this court to order that Mr. Kent be released from custody. In support of this motion, Mr. Kent states the following:

### Statement of the Case and Facts in Support of the Motion

On August 15, 2022, a criminal complaint was filed against the defendant in this district which alleged interstate transmission of threats in violation of 18 U.S.C. §875(c).  Mr. Kent was arrested and made his initial and removal proceedings in the Central District of California.  He was granted bond and his case was ordered removed to this district.  (DE #6) His initial here was on September 9, 2022 where he was arraigned and ordered release on an agreed upon bond.

Prior to his initial appearance in this district, on August 24, 2022 a grand jury returned a four-count indictment which charged alleged interstate transmission of threats in violation of 18 U.S.C. §875(c).  (DE #5)

On February 3, 2023, the defendant was arrested for various bond violations

once again in the Central District of California.  Mr. Kent was ordered detained and was once again removed to this district.  Mr. Kent has been in continuous custody ever since his arrest in California more than a year ago.  (DE #34)

On April 25, 2023, the grand jury returned a superseding indictment in this case.  While the charges remained the same, the amount of counts was increased from four (4) to seven (7).  (DE #48)  Mr. Kent has not been arraigned on the superseding indictment for reasons outlined below.

On the day after superseding indictment was returned, Mr. Kent's second attorney filed an unopposed motion to a psychiatric examination of Mr. Kent.  (DE #50) On May 1, 2023 this court entered an order granting the motion and setting a status hearing for August 24, 2023.  (DE #55)

During the time period that the defendant was being evaluated, various duty magistrate judges held status conferences as to both the competency and arraignment on the superseding indictment.  (DE #79, 94, 99 and 115) Another status conference is set for this Friday, March 8, 2024 at 11:00 a.m. also before the duty magistrate judge. (DE #115)

Though the court's order was on May 1, 2023 ordering the evaluation, it took almost four (4) months for a report to be generated by the doctors at FDC.  In her report dated August 22, 2023, Dr. Lisa Feldman, a forensic psychologist at FDC - Miami found that:

> "Mr. Kent is actively displaying symptoms of a serious mental illness which significantly impact his rational understanding of the legal process. Therefore, it is recommended that the defendant be found Incompetent to Stand Trial and that he undergo mandatory competency restoration treatment at a more appropriate setting, such as a medical facility."

In light of these findings by Dr. Feldman, the court set a competency hearing for October 20, 2023.  (DE #96, 97) As a result of an agreement of the parties that accepting the findings of the doctor at FDC - Miami and the need for the defendant to undergo competency restoration treatment at a more appropriate setting pursuant to 18 U.S.C. §4241(d), a proposed order was sent to chambers with language approved by the parties prior to the competency hearing.  However, the order of commitment was not signed by this court until December 15, 2023.  (DE #103) In that order, the defendant was committed to the custody of the Attorney General for a period not to exceed four (4) months in order that the defendant could undergo restoration proceedings.

Mr. Kent, who was being held at the Conte Detention Center was returned almost immediately to FDC - Miami where he sat and sat and is still located there.  In early February 2024 after numerous inquiries the undersigned was notified that Mr. Kent had been designated and awaiting transfer.  Mr. Kent continued to sit and wait.  The warden and the legal staff at FDC - Miami was attempted to be contacted with negative results.  Yet the days continued to pass.  Even the government provided assistance by contacting FDC - Miami as well regarding Mr. Kent's transfer to the appropriate facility.

On February 20, 2024, another status conference was held this time before Magistrate Judge Jared Strauss.  The court was informed of the defense's and the government's effort to see that Mr. Kent received the psychiatric treatment that he urgently needs.  The government made a good faith representation that he had spoken with FDC - Miami and was assured that Mr. Kent would be transferred by the end of

February 2024.  Once again, that deadline has passed.

This motion is being filed due to continued inaction on the part of the Bureau of Prisons.  In its order (DE #103) the court committed the defendant to the custody of the Attorney General for a "***reasonable period of time***, ***not to exceed four months***, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit proceedings to go forward." 18 U.S.C. § 4241(d) (emphasis added).  Since ten weeks has passed since the court order with nothing but inaction from the Bureau of Prisons, there is only, at the most, six weeks remaining in this four-month period of commitment.  If the Bureau of Prisons wants to take their sweet time in getting the defendant to his facility, the defendant should not be forced to sit at FDC - Miami for an indeterminate amounts of time with no therapy, continuing therapy, properly prescribed medication or a determination that he is restorable.

The appropriate remedy is his release with mental health treatment while at liberty.  His first visit to a mental health professional will be more treatment than he is receiving at the present time.  Mr. Kent further pledges to go to the mental health facility so designated by the Bureau of Prisons if and when they decide to so.

### *Memorandum of Law*

Title 18 U.S.C. § 4241 (d) provides that upon a finding of incompetence the defendant shall be committed to the Attorney general to be hospitalized at a suitable facility and provides that the commitment be limited to:

> . . . [S]uch a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and . . . for an additional reasonable period

of time until-his mental condition is so improved that the trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward.

Title 18 U.S.C. § 4241(d)(1)-(2) (emphasis added)

In *Jackson v. Indiana*, the Supreme Court articulated the proper balance of the due process interests of the defendant and the interest of the Government when it considered a state statute that permitted the detention of an incompetent criminal defendant indefinitely. *Jackson v. Indiana*, 406 U.S. 715, 731 (1972) The Supreme Court noted that a court primarily orders commitment for one of three purposes: limiting a defendant's "dangerousness to self," limiting a defendant's "dangerousness to others, and the need for care or treatment or training" to aid the defendant in attaining competency. *Id.* at 737.

Due process, the Court held, "requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Id.* at 738. *(*emphasis added). Therefore, if the government has detained a defendant "solely on account of his incapacity to proceed to trial," the government cannot hold the defendant for "more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." *Id.* And, when a defendant "is committed solely on account of his incapacity to proceed to trial," his "continued commitment must be justified by progress toward th[e] goal" of restoring his competency to stand trial. *Id.*

In response to *Jackson*, Congress enacted Title 18 U.S.C. § 4241. *United States*

*v. Donofrio* 896 F. 2d 1301, 1302 (11th Cir. 1990). Title 18 U.S.C. § 4241 provides for certain deadlines to ensure the due process rights of the accused. In this case, Mr. Kent has been committed for more than four months. There is no evidence before the Court regarding the "substantial likelihood" that Mr. Kent will, in the foreseeable future, be restored to competence was provided to the Court in the report by Dr. Lisa Feldman of FDC - Miami on competency which found the defendant to be incompetent.

Because there is no evidence before the court on which to conclude that there is a substantial probability that within such additional period of time Mr. Kent will attain the capacity to permit the proceedings to go forward, the Court cannot make the findings necessary to extend Mr. Kent's commitment. As stated previously, Dr. Feldman of FDC - Miami found Mr. Kent incompetent in late August 2023 and the commitment in this Court's December 15, 2023 order is for a period not to exceed four months. Mr. Kent has been languishing for the past more than two and a half months at FDC - Miami and there is less than six weeks remaining on the aforementioned commitment. Therefore, LANDON KENT should be released on a reasonable bond with a mental health treatment condition as well as an obligation to report as directed for his mental health restoration proceedings.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 3rd day of March 2024.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Attorney for Defendant KENT
7700 North Kendall Drive
Suite #604
Miami, Florida 33156
Tel.: (305) 670-1915
E-Mail: *HorowitzDefense@aol.com*

    */s/ Philip R. Horowitz*
By: PHILIP R. HOROWITZ, ESQUIRE
Florida Bar No.: 466557